# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **KIMBERLY SMITH,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **Case No.: 4:09-CV-1257-VEH** |
| ] | |
| **MICHAEL J. ASTRUE,** ] | |
| **COMMISSIONER, SOCIAL** ] | |
| **SECURITY** ] | |
| **ADMINISTRATION,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff Kimberly Smith ("Smith") initiated this disability case against the Commissioner of the Social Security Administration (the "Commissioner") on June 23, 2009. (Doc. 1).  Pending before the court is the Commissioner's Motion for Summary Judgment (Doc. 9) filed on October 14, 2009.  Defendant also filed his supporting brief  (Doc. 10) and evidence (Doc. 11) on October 14, 2009.

Smith filed her response (Doc. 19) on December 1, 2009.  The Commissioner

did not file a reply.[1]  For the reasons explained below, the Commissioner's Motion for Summary Judgment is due to be granted.

## II.    STANDARD ON SUMMARY JUDGMENT

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).[2]  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

"Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc.*

---

[1] The Commissioner's response (Doc. 16) filed on November 2, 2009, relating to Smith's motion to stay (Doc. 12) and motion to extend the time for filing her complaint (Doc. 14) do contain arguments and case law relevant to the issue of equitable tolling, which this court has also considered.

[2] Rule 56 was recently amended in conjunction with a general overhaul of the Federal Rules of Civil Procedure. The Advisory Committee was careful to note, however, that the changes "are intended to be *stylistic only*." Adv. Comm. Notes to Fed. R. Civ. P. 56 (2007 Amends.) (emphasis supplied). Consequently, cases interpreting the previous version of Rule 56 are equally applicable to the revised version.

*v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). "If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *International Stamp*, 456 F.3d at 1274 (citing *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

### III.   ANALYSIS[3]

Here, there is no dispute that the complaint filed by Smith in this court was untimely. Instead, Smith concedes that the filing of her lawsuit on June 23, 2009, was beyond her applicable deadline of June 18, 2009. (*See* Doc. 10 at 2 ¶ 6 (calculating filing deadline as June 18, 2009); Doc. 19 at 2 ¶ 6 (admitting same); Doc. 19 at Ex. 1 (admitting lawsuit was filed beyond applicable time limit). Accordingly, the Commissioner has established the running of the applicable statute of limitations period, and the sole issue for this court to resolve is whether Smith has adduced sufficient evidence to overcome the Commissioner's affirmative defense by applying the equitable tolling doctrine to her admittedly untimely-filed complaint.

"[T]raditional equitable tolling principles require that the claimant demonstrate

---

[3] The nature of the court's decision on summary judgment does not require a <u>separate</u> statement of facts section.

*extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment." *Jackson v. Astrue*, 506 F.3d 1349, 1355 (11th Cir. 2007). In *Jackson*, the Eleventh Circuit distinguished the "extraordinary circumstances" test from the less stringent "good cause" standard applicable to requests made to the Appeals Council to "extend the deadline for filing a complaint in federal district court."[4] *Id.* at 1355 (citation and footnote omitted). As the court explained, "[w]here, as here, the claimant is asking a United States District Court to equitably toll the 60-day statute of limitations, the standard is more demanding." *Id.* at 1355-56 (emphasis added) (citation omitted).

The Eleventh Circuit also clarified in *Jackson* that it had "defined 'extraordinary circumstances' narrowly, and [that] ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test." *Id.* at 1356.[5] Relatedly and relying upon Supreme Court authority, the Eleventh Circuit pointed out that "principles of equitable tolling . . . do not extend to what is at best a garden

---

[4] By letter dated October 29, 2009, the Appeals Council notified Smith that it had rejected her request for "an extension of time to file a civil action." (Doc. 19 at Ex. 4).

[5] One of the claimant's unsuccessful arguments in *Jackson* was that "the statute should be tolled in her case because her limited linguistic and legal experience made it impossible for her to understand that the law required her to file her claim in the United States District Court, as opposed to state court." 506 F.3d at 1356.

variety claim of excusable neglect." *Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (emphasis added)).

In this instance, Smith asserts that it would be "unfair and unreasonable to dismiss this lawsuit under the facts of this case." (Doc. 19 at 4). However, as discussed above, this misstates the appropriate measure for evaluating equitable tolling. Instead, "when a court is asked to toll a congressionally mandated statute of limitations, it has traditionally required a claimant to justify untimeliness by showing extraordinary circumstances." *Jackson*, 506 F.3d at 1356 (emphasis added) (citations omitted).

Moreover, Smith's facts, taken in a light most favorable to her, are that she "is severely mentally disabled [and] was dependent on her daughter to file an appeal in Court." (Doc. 19 at 6). As for the delay relating to the return of her hardship affidavit more specifically, Smith acknowledges that she "signed the affidavit on 6/2/09" but that she "do[es] not know when [she] mailed the affidavit or when [she] delivered it to Mr. Allenstein's office." (Doc. 19 at Ex. 1). Smith further indicates that her "memory is very bad" and that she "had three strokes in 1993." (*Id.*).

While the court is not unsympathetic to Smith's situation, she has not satisfied the extraordinary circumstances test. Like the claimant in *Jackson*, Smith "has not shown that the Commissioner engaged in any act of affirmative misconduct in an

5

effort to mislead her.  Further, she was clearly notified that she was obliged to commence suit in federal district court."  506 F.3d at 1358.

Additionally, Smith has not pointed to any supporting authority in which equitable tolling was applied in a situation similar to hers.  Accordingly, in the absence of any fraud, misinformation, deliberate concealment, or other comparable <u>exceptional</u> reason, the equitable tolling doctrine does not apply, and the Commissioner is entitled to summary judgment.

### IV.  CONCLUSION

Accordingly, the Commissioner's Motion for Summary Judgment is due to be granted, and Smith's complaint is due to be dismissed with prejudice.  The court will enter an order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 18th of December, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge